**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS, AT KANSAS CITY**

| | | |
|---|---|---|
| STEVIE RAY HERRIMAN<br>1705 S. Spruce<br>Coffeyville, Kansas 67337,<br><br>Plaintiff,<br><br>v.<br><br>CON-WAY TRUCKLOAD, INC.<br>Registered Agent:<br>Corporation Service Company<br>2900 SW Wanamaker Drive<br>Suite 204<br>Topeka, Ks 66614<br><br>and<br><br>JOHN T. SHEPPARD,<br>3960 Canaan Road<br>Bland, Missouri 65014,<br><br>Defendants. | ) | Case No.<br>Division<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

Plaintiff Stevie Ray Herriman, for his claims and causes of action against defendants Con-Way Truckload, Inc. and John T. Sheppard, states and alleges as follows:

**Allegations Common to All Counts**

1. Plaintiff is an individual over the age of 18. He is a resident of Montgomery County, Kansas.

2. Defendant Con-Way Truckload, Inc. (hereinafter "Con-Way") is a Delaware corporation with its principal place of business in Joplin, Missouri. Defendant's registered agent for service of process in Kansas is Corporation Service Company 2900 SW Wanamaker Drive Suite 204, Topeka, Kansas 66614.

3. Defendant John T. Sheppard (hereinafter "Sheppard") is an individual residing at 3960 Canaan Road, Bland, Missouri.

4. Pursuant to 28 U.S.C. §1332(a)(1), this Court has subject matter jurisdiction over this action because there is complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. There is complete diversity of citizenship because the plaintiff is an individual residing in Kansas and the defendants are a business incorporated in states other than Kansas with its principal place of business in a state other than Kansas, and an individual who is a resident of a state other than Kansas.

5. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. On or about December 30, 2012 at approximately 7:06 p.m., defendant Sheppard was driving a Con-Way Truckload, Inc., semi-tractor and trailer (the "subject tractor-trailer") northbound on U.S. Highway 169 just north of Coffeyville, Kansas.

7. At all relevant times, defendant Sheppard was the actual, ostensible or apparent agent, servant and/or employee of defendant Con-Way and was under and/or subject to the control of defendant Con-Way.

8. At all relevant times, defendant Con-Way was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within C.F.R. Parts 390, et seq.

9. At all relevant times, the subject tractor-trailer was owned or leased to defendant Con-Way and defendant Con-Way had the exclusive right to possess, control and/or use the subject tractor-trailer.

10. At all relevant times, the subject tractor-trailer was a "commercial motor vehicle" under 490 C.F.R. § 390.5 and operated under the motor carrier authority of defendant Con-Way.

11. At all relevant times, the subject tractor-trailer bore the placard of defendant Con-Way and displayed defendant Con-Way's name and operating authority numbers.

12. At all relevant times, defendant Sheppard operated the subject tractor-trailer with the knowledge, consent and permission of defendant Con-Way.

13. This Court has personal jurisdiction over defendants Con-Way and Sheppard because they committed the tortious acts at issue in Kansas.

14. On or about December 30, 2012, at approximately 7:06 p.m., Sarah A. Martinez was operating her 1999 Honda Civic northbound on U.S. 169 north of Coffeyville when the subject tractor-trailer driven by defendant Sheppard stopped or drastically slowed in front of her without signaling or displaying warning lights, emergency lights or other notification to others on the roadway that the tractor-trailer was stopped in the lane of traffic. On information and belief, defendant Sheppard was lost, looking for the Amazon warehouse north of Coffeyville, and was trying to figure out where to turn to get to the Amazon facility.

15. Plaintiff was a passenger in Ms. Martinez's vehicle. He was wearing his seatbelt.

16. Ms. Martinez slammed on her brakes, and her vehicle slid into the rear of the tractor-trailer, striking the trailer's under-ride bumper (also referred to as the ICC or DOT bumper, hereinafter referred to as "ICC bumper").

17. The ICC bumper gave way, and Ms. Martinez's vehicle slid under the rear of the trailer. The rear of the trailer intruded into the occupant compartment of Ms. Martinez's vehicle.

18. As a direct and proximate result of the above-described crash, plaintiff Stevie Ray Herriman suffered serious, severe and permanent physical, mental and emotional injuries. Mr. Herriman has been rendered a quadriplegic. He has suffered significant damages and will suffer

them for the duration of his life, including past and future medical expenses, loss of past and future income and earning capacity, loss of past and future enjoyment of life, and past and future pain and suffering. These injuries are permanent and progressive and will continue until Mr. Herriman's death.

**COUNT I**
**Negligence - Defendant Sheppard**
**Vicarious Liability - Defendant Con-Way**

19. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

20. The subject tractor trailer that defendant Sheppard was driving at the time of the collision was owned or leased by defendant Con-Way.

21. At all times relevant herein, defendant Sheppard was an agent, servant and/or employee of defendant Con-Way.

22. At all times relevant herein, defendant Sheppard was acting within the scope and course of his agency, servitude and/or employment with defendant Con-Way.

23. On December 30, 2012, while utilizing the public roadway, defendants Sheppard and Con-Way owed plaintiff a duty to operate the subject tractor-trailer under their control using the highest degree of care and in a careful, prudent and lawful manner so as not to injure, maim or kill plaintiff.

24. Defendant Sheppard failed to exercise the highest degree of care and was thereby negligent and reckless in his operation and control of the subject tractor-trailer in one or more of the following respects:

a. In failing to keep a careful lookout;

b. In failing to signal or use emergency warning lights, flashers, cones, or other emergency or communicative devices;

c. In stopping in the roadway;

d. In slowing down in the roadway;

e. In stopping or slowing on the roadway without signaling or using emergency warning lights, flashers, cones, or other emergency or communicative devices;

f. In failing to drive at normal highway speed to the next safe location to stop, turn around, and/or navigate the roads in searching for his destination;

g. In failing to properly maintain and/or inspect the subject tractor-trailer, as well as failing to ensure the subject tractor-trailer, its components and/or equipment were adequate, safe and/or in operable condition, including but not limited to the ICC bumper;

h. In operating the subject tractor-trailer in a fatigued and/or impaired condition; and

i. In other ways that will be learned through discovery.

25. As a direct and proximate result of the above-described negligence of defendant Sheppard, plaintiff sustained severe personal injuries and the damages described above.

26. Defendant's action and inactions as described herein were willful, wanton, malicious and/or recklessly indifferent to the safety of others on the road, including plaintiff.

27. As defendant Sheppard's principal, master and/or employer, defendant Con-Way is vicariously liable for all damages sustained by plaintiff as a result of defendant Sheppard's negligent conduct.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants Con-Way and Sheppard, jointly and/or severally, on Count I of his Petition for Damages, that the Court award plaintiff a fair and reasonable amount to adequately compensate him for all his damages, prejudgment interest, interest on the judgment, the costs of this action and for such other and further relief as the Court deems just and proper.

**Count II**
**Negligence – Defendant Con-Way**

28. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Defendant Con-Way was negligent, careless and reckless in at least the following respects:

a. In hiring defendant Sheppard, an individual it knew or should have known had inadequate experience, training, knowledge and/or skill to safely operate, control and/or maintain the subject tractor-trailer;

b. In entrusting the subject tractor-trailer to defendant Sheppard, an individual it knew or should have known had inadequate experience, training, knowledge and/or skill to safely operate, control and/or maintain the subject tractor-trailer;

c. In entrusting the subject tractor-trailer to an individual who it knew or should have known had exhibited a pattern of negligence, incompetence and/or recklessness in the operation of commercial motor vehicles;

d. In failing to adequately train, instruct and/or supervise defendant Sheppard concerning the safe operation of the subject tractor-trailer;

e. In failing to adequately train, instruct and/or supervise defendant Sheppard concerning driver fatigue and/or hours of service requirements and regulations;

f. In failing to adequately train, instruct and/or supervise defendant Sheppard concerning the safe inspection and/or maintenance of the subject tractor-trailer;

g. In failing to properly maintain and/or inspect the subject tractor-trailer, as well as failing to ensure the subject tractor-trailer, its components and/or equipment were adequate, safe and/or in operable condition, including but not limited to the ICC bumper;

h. In failing to adopt and implement safety guidelines, procedures and protocols to ensure the safety of the subject tractor-trailer, its components and/or equipment, including but not limited to the ICC bumper; and

i. In other ways that will be learned through discovery.

30. Defendant's action and inactions as described herein were willful, wanton, malicious and/or recklessly indifferent to the safety of others on the road, including plaintiff.

31. As a direct and proximate result of the above-described negligence defendant Con-Way, plaintiff sustained the damages described above.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants Con-Way and Sheppard, jointly and/or severally, on Count II of his Petition for Damages, that the Court award plaintiff a fair and reasonable amount to adequately compensate him for all his damages, prejudgment interest, interest on the judgment, the costs of this action and for such other and further relief as the Court deems just and proper.

**Count III**
**Negligence Per Se – Defendants Sheppard and Con-Way**

32. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Defendants Sheppard and Con-Way individually, and defendant Con-Way vicariously through its agent, servant and/or employee defendant Sheppard, were negligent *per se* in violating certain ordinances, statutes and regulations which were enacted for the benefit of plaintiff and others traveling on public roadways, including:

a. 49 C.F.R. Part 390, which pertains to the safe operation by a motor carrier, the training, supervision and duties of motor carriers and their employees and to aiding and abetting violations of the rules and regulations;

b. 49 C.F.R. § 390.3(e)(1), which requires defendant Con-Way to be knowledgeable of and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

c. 49 C.F.R. § 391.11, which prohibits a person from driving a commercial motor vehicle unless he or she is qualified to drive a commercial motor vehicle. The regulation states in pertinent part "[a] person shall not drive a commercial motor vehicle unless he/she is qualified to drive a motor vehicle" and "a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle."

d. 49 C.F.R. § 392.3, which prohibits the operation of a commercial vehicle when the operator is too ill or fatigued to drive safely. The regulation states in pertinent part "[n]o driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."

e. 49 C.F.R. § 395, which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service.

f. K.S.A. 8-1561, which prohibits driving a vehicle at such a slow speed as to impede the normal and reasonable movement of traffic .

g. K.S.A. 8-1572, which requires that every vehicle stopped or parked upon a two-way roadway shall be so stopped or parked with the right-hand wheels as close as practicable to the right edge of the right-hand shoulder..

h. K.S.A. 8-1574, which prohibits backing up a vehicle unless such movement can be made with safety and without interfering with other traffic.

34. Plaintiff was within the class of persons intended to be protected by the statutes and regulations which were violated by the defendants.

35. The injuries suffered by plaintiff were the type of outcome that the statutes and regulations were designed to prevent.

36. Defendant's action and inactions in violation of applicable ordinances, statutes and regulations as described herein were willful, wanton, malicious and/or recklessly indifferent to the safety of others on the road, including plaintiff.

37. As a direct and proximate result of the above-described negligence *per se*, plaintiff sustained the damages described above.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants Con-Way and Sheppard, jointly and/or severally, on Count III of his Petition for Damages, that the Court award plaintiff a fair and reasonable amount to adequately compensate him for all his damages, prejudgment interest, interest on the judgment, the costs of this action and for such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues in the above-captioned case.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

*Respectfully submitted by,*

**PROTZMAN LAW FIRM, LLC**

**/s/ Andrew B. Protzman**
Andrew B. Protzman, MO No. 47086
1100 Main Street; Suite 2550
Kansas City, Missouri 64105
(816) 421-5100
(816) 421-5105
andy@protzmanlaw.com

*Attorney for Plaintiff*